# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Garry A. Brewster,
    Petitioner,

vs.

Case No. 1:05cv166
(Spiegel, S.J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition; respondent's "Answer" with exhibits; petitioner's two-part "traverse" in reply to respondent's "Answer;" respondent's "Supplemental Answer" filed November 1, 2006 pursuant to this Court's Order issued August 31, 2006; petitioner's supplemental "traverse" filed November 30, 2006; the manually-filed trial transcripts; and manually-filed exhibits submitted by respondent in response to this Court's August 31, 2006 Order. (Docs. 2, 14, 27, 33, 39, 40; *see also* Docs. 19, 21, 28, 34-36).

### Procedural Background

On November 2, 2001, in Case No. B0108028, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner and his brother, co-defendant Michael Brewster, with ten counts of forgery in violation of Ohio Rev. Code § 2913.31(A)(2) and

one count of possession of criminal tools in violation of Ohio Rev. Code § 2923.24(A). (Doc. 39, Ex. B-1). On April 30, 2002, in Case No. B0203401, the Hamilton County grand jury issued a second indictment against petitioner and his brother charging them with twenty more counts of forgery and one count of tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1). (*Id.*, Ex. C-1). The two cases were consolidated for trial. (*Id.*, Ex. C-3).

Following a jury trial, petitioner was found guilty as charged. (Doc. 14, Exs. 1-2). On December 30, 2002, he was sentenced to terms of imprisonment totaling sixteen (16) years with credit given for time served. (*Id.*). At that time, new counsel was appointed to represent petitioner for appeal purposes. (*See id.*).

Petitioner's appellate counsel timely appealed petitioner's convictions in Case Nos. B0108028 and B0203401 to the Ohio Court of Appeals, First Appellate District, which consolidated the appeals. Petitioner filed a *pro se* motion to represent himself and to have his appointed counsel serve in an advisory capacity, which was granted. (Doc. 39, Exs. D-11, D-17). In his appellate brief, petitioner asserted thirteen assignments of error. (*See id.*, Ex. D-22). On June 11, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgments of conviction and sentence. (Doc. 14, Ex. 3).

Petitioner failed to perfect a timely appeal to the Ohio Supreme Court. In a subsequent pleading filed with that court, petitioner stated that he was informed of the Ohio Court of Appeals' decision on June 28, 2004, when he received a copy of the decision which had been sent to him by his advisory appellate counsel. (*See* Doc. 14, Ex. 4).

It appears from the record that petitioner submitted a timely notice of appeal for filing, which was stamped as "received" by the Clerk of the Ohio Supreme Court on July 21, 2004. (*See id.*; Doc. 39, Ex. H-1). However, by letter dated the same date from a deputy clerk of the court, the appeal pleadings were returned to petitioner due to his failure to "meet the requirements of the Rules of Practice of the Supreme Court of Ohio." (*See* Doc. 40, Appendix, "STE-23"). The letter provided in pertinent part that the "specific areas of noncompliance and relevant rules are as follows:"

> Your memorandum in support of jurisdiction does not include a copy of the court of appeals opinion and judgment entry being appealed required by Rule III, Section 1(D). The cover page alone is insufficient to meet the

2

requirements of this rule.

(*Id.*).

Petitioner apparently resubmitted corrected pleadings for filing with the Ohio Supreme Court, which were "received" by the Clerk on August 16, 2004, after the July 26, 2004 deadline for perfecting a timely appeal had passed. (*See* Doc. 39, Ex. H-1). By letter dated August 17, 2004, a deputy clerk of the state supreme court returned this second set of documents to petitioner "because they do not meet the filing requirements for filing a motion for delayed appeal as set forth in the Rules of Practice of the Supreme Court of Ohio." (Doc. 40, Appendix, "STE-24").

Thereafter, on September 7, 2004, petitioner filed a notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*See* Doc. 39, Exs. H, H-1). On October 27, 2004, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the case without opinion. (Doc. 14, Ex. 5).

The instant federal habeas corpus petition was filed soon thereafter in March 2005. (*See* Doc. 2). In the petition, petitioner alleges five grounds for relief:

> **Ground One:** Convictions were obtained (by jury trial) in violation of the Petitioner's rights to a speedy trial, (6th Amend.), due process and equal protection of State laws, and violations of state laws.
>
> **Ground Two:** Convictions were obtained by the use of evidence obtained . . . that was the fruit of an unconstitutional search and seizure, and pursuant to an unlawful arrest.
>
> **Ground Three:** Convictions were obtained before a partial jury and the denial of a fair trial, and in the cumulative effect in violation of the Petitioner's Constitutional and Due Process Rights.
>
> **Ground Four:** The Petitioner's prison sentence of si[]xteen (16) years was imposed in violation of his Constitutional, Due Process, Equal Protection, Double Jeopardy, Sixth Amend., And Statutory Rights.
>
> **Ground Five:** Petitioner has been repeatedly and at every level of the Ohio Courts, denied due process, an impartial forum, meaningful review, and his

3

constitutional rights.

(*Id.,* pp. 5-6 & attached p. E-1).

In the "Answer" initially filed in response to the petition, respondent conceded that the petition is not barred from review on statute of limitations grounds. (*See* Doc. 14, Brief, p. 9). Respondent, however, did argue exclusively that petitioner has waived his claims for relief because of his procedural default in failing to perfect a timely appeal to the Ohio Supreme Court. (*Id.,* pp. 4-9).

In reply, petitioner filed a "traverse" brief, arguing in part that there was "cause" for his procedural default, which stemmed from his appellate counsel's 17-day delay in notifying him of the Ohio Court of Appeals' direct appeal decision and the subsequent delay of prison officials in mailing his timely-submitted, corrected notice of appeal to the Ohio Supreme Court. (*See* Doc. 27, Part A, pp. 4-5, 17-21). On August 31, 2006, this Court ordered respondent to file a supplemental return of writ responding to this "potentially meritorious" argument and addressing the merits of petitioner's grounds for relief. (Doc. 28, pp. 2-3). In accordance with the August 31, 2006 Order, respondent filed a "Supplemental Answer" with manually-filed exhibits in November 2006. (*See* Doc. 33, 39).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because Petitioner Has Waived All Of His Grounds For Relief Due to His State Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, petitioner committed a procedural default by failing to perfect a timely appeal from the Court of Appeals' direct appeal decision to the Ohio Supreme Court.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris*, 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes*, 433 U.S. at 86-87; *see also McBee*, 763 F.2d at 813.

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris*, 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied

on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

In this case, petitioner attempted a timely appeal to the Ohio Supreme Court. However, he failed to comply with Rule III, § 1(D), of the Rules of Practice of Supreme Court of Ohio, which explicitly requires that "a date-stamped copy of the court of appeals opinion and judgment entry being appealed shall be attached to the memorandum" in support of jurisdiction. (*See* Doc. 40, Appendix, "STE-23"). The Clerk of the Ohio Supreme Court clearly and expressly relied on petitioner's failure to comply with this rule, when in accordance with well-established and regularly-followed practice, the Clerk refused to file the appeal and instead returned the documents that had been submitted for filing to petitioner. (*See id.*). *Cf. State ex rel. Fuller v. Mengel,* 800 N.E.2d 25, 26-28 (Ohio 2003) (per curiam) (upholding as constitutional the deputy clerks' application of the Ohio Supreme Court's rules of practice to prohibit an inmate's attempted filing of an untimely corrected memorandum, after an initial timely memorandum was returned to the inmate because it exceeded the page limit and contained prohibited attachments proscribed by the rules).[1]

Only five days remained in the 45-day appeal period when the Clerk of the Ohio Supreme Court "received" petitioner's defective appeal documents on July 21, 2004, and on the same date sent these documents back to petitioner. When petitioner attempted a second time to file an appeal after making the correction indicated in the July 21, 2004 letter from the deputy clerk, the second set of documents "received" on August 16, 2004 were returned because by that time the appeal period had expired and petitioner was

---

[1] *See also Metz v. Supreme Court of Ohio,* 46 Fed.Appx. 228, 234 (6th Cir. Aug. 19, 2002) (not published in Federal Reporter) (affirming the dismissal of civil rights claims stemming from the refusal of the state supreme court clerk to accept an attorney's merits brief for filing because there was "no apparent due process violation" in entrusting a clerk of the court "to make the determination whether Plaintiff's merits brief was filed in accordance with the applicable rules of practice governing the Supreme Court of Ohio," and the attorney failed to show he suffered a due process injury resulting from the enforcement of a rule which left "open several avenues for filing briefs which Plaintiff apparently failed to utilize"), *cert. denied,* 537 U.S. 1090 (2002).

6

required to file a motion for delayed appeal.[2] (*See* Doc. 40, Appendix, "STE-40"). Although petitioner subsequently properly filed a motion for delayed appeal in the Ohio Supreme Court, which was denied, the Sixth Circuit has held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Accordingly, in sum, the Court concludes that petitioner procedurally defaulted his claims for relief by failing to perfect a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision. He, therefore, has waived his claims for relief absent a showing of cause and prejudice, or that failure to consider his claims will result in a "fundamental miscarriage of justice."

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Petitioner also has not established "cause" for his procedural default in the state courts. Petitioner seeks to justify his delay in filing to the Ohio Supreme Court by arguing that he belatedly received the Ohio Court of Appeals' June 11, 2004 direct appeal decision affirming his convictions and sentences. However, even under petitioner's version of the facts, he received a copy of the Court of Appeals' decision seventeen days later on June 28, 2004. (*See* Doc. 27, Part A, p. 4). Petitioner still had plenty of time left in the 45-day appeal period due to expire July 26, 2004 in which to perfect a timely appeal to the Ohio Supreme Court. Indeed, petitioner did not deliver his first set of appeal pleadings for mailing to the Ohio Supreme Court until, at the earliest, July 19, 2004, the date he signed his notice of appeal and memorandum in support of jurisdiction. (*See* Doc. 39, Ex. H-1; Doc. 40, Appendix, "STE-22," p. 15). At that point in time, there was only a week remaining in which to perfect a timely appeal.

---

[2]In an affidavit in support of his subsequent motion for delayed appeal, petitioner stated that he did not receive the first set of appeal pleadings that were returned to him by the Clerk of the Ohio Supreme Court until July 28, 2004, two days after the appeal period had ended. (*See* Doc. 39, Ex. H-3).

7

Petitioner further contends as "cause" for his default that he lacked the funds to copy the 27-page state court of appeals' decision, which had to be attached to his memorandum in support of jurisdiction in order for his appeal to the Ohio Supreme Court to be filed. (*See* Doc. 27, Part A, pp. 19-20). However, in his motion for delayed appeal to the Ohio Supreme Court, petitioner stated that he sent "only the first page" of the appellate court decision in the first set of timely-submitted appeal documents because he had misinterpreted the state supreme court's rules of practice. (*See* Doc. 14, Ex. 4). Instead, petitioner's claim of delays in mailing stemming from insufficient funds in his prison account relate to the second set of appeal documents that he submitted for filing, which were returned to him by the Clerk of the Ohio Supreme Court because the appeal period had expired. (*See id.*).

It appears from the record that the 45-day appeal period had already expired by the time petitioner could even begin to attempt to resubmit appeal pleadings to the Ohio Supreme Court after the initial timely-submitted pleadings were returned to him by letter dated July 21, 2004. (*See* Doc. 39, Ex. H-3, "Affidavit In Support Delayed Entry Of Appeal," ¶2). In any event, even assuming, *arguendo,* petitioner lacked the funds to copy the Court of Appeals' decision to include in the first set of timely-submitted appeal pleadings, his "cause" argument must fail. Petitioner had in his possession a copy of the Ohio Court of Appeals' direct appeal decision, which he received from his appellate advisory counsel on June 28, 2004. That copy of the appellate court decision, therefore, was available to petitioner to submit to the Ohio Supreme Court if, indeed, he lacked the funds to make any additional copies, as he contends.

Accordingly, in sum, the Court concludes that petitioner's inability to perfect a timely appeal is not attributable to the State's actions or omissions, but rather to petitioner's own failure to comply with the filing requirements explicitly set forth in the state supreme court's procedural rules. *Cf. Carter v. Sheets,* No. 1:03cv901-SJD, 2006 WL 1645041, at *8 (S.D. Ohio June 7, 2006) (Dlott, J.) (unpublished) (adopting Report & Recommendation) ("Petitioner was unable to perfect a timely appeal to the Supreme Court of Ohio not because of the minimal delay in the mailing process, which commonly occurs, but because he waited until six days before the 45-day appeal period was due to expire to submit his initial pleadings for filing and failed to ensure that these pleadings submitted so close to the deadline date complied with the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio").

In the absence of a showing of "cause" or that a fundamental miscarriage of justice

8

will occur if petitioner's claims are not considered herein, it is **RECOMMENDED** that petitioner's petition for writ of habeas corpus be **DISMISSED** with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural default in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/16/07
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\05-166denypet.failperfappl-OhSCt.bonilla.wpd

---

[3] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Garry A. Brewster,
    Petitioner,

    v.

Jeffrey Wolfe,
    Respondent.

Case No. 1:05cv166
(Spiegel, S.J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:05cv166 Doc. 44

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br>Garry A Brewster<br>438-788<br>Noble Corr. Inst.<br>15708 McConnelsville Rd.<br>Caldwell, OH 43724 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 6052 |

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-01-M-2509