```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

GARRY A. BREWSTER,              :
                                :       NO. 1:05-CV-00166
   Petitioner,                  :
                                :       **OPINION AND ORDER**
                                :
  v.                            :
                                :
                                :
JEFFREY WOLFE,                  :
                                :
   Respondent.                  :

      This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 44) and Petitioner's Objections thereto (doc. 45). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

**I. Discussion**

      On December 30, 2002, Petitioner was sentenced to sixteen years of imprisonment following his conviction by jury in Hamilton County, Ohio for forgery, possession of criminal tools, and tampering with evidence (doc. 44). Subsequently, "Petitioner's appellate counsel timely appealed petitioner's convictions" and "on June 11, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgments of conviction and sentence" (Id.). Petitioner then filed a timely notice of appeal to the Ohio Supreme Court on July 21, 2004, which was returned on the

same date to petitioner due to his failure to "meet the requirements of th Rules of Practice of the Supreme Court of Ohio" (Id).  "Petitioner resubmitted corrected pleadings for filing with the Ohio Supreme Court which were 'received' by the Clerk on August 16, 2004, after the July 26, 2004 deadline for perfecting a timely appeal had passed" (Id.).  On August 17, 2004, the corrected filings were returned to Petitioner because they did not meet the filing requirements for a delayed appeal (Id.).  Petitioner filed a notice of appeal and motion for delayed appeal to the Ohio Supreme Court on September 7, 2004, which was denied for delayed appeal and dismissed without opinion (Id.).

On March 16, 2005, Petitioner, who is in state custody at the Noble Correctional Institution in Caldwell, Ohio, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging five grounds for relief.  In response to the petition, Respondent exclusively argued that Petitioner waived his claims for relief because he procedurally defaulted in failing to perfect a timely appeal to the Ohio Supreme Court (Id.).  In reply Petitioner countered that there was "cause" for his procedural default, and the Magistrate Judge ordered Respondent to file a supplemental return of writ responding to this potentially meritorious argument (Id.).

In his Report and Recommendation, the assigned Magistrate Judge nonetheless recommended that the petition be dismissed with

prejudice on the procedural ground that petitioner waived his claims for relief due to his procedural default in state courts (Id.). In reaching this conclusion, the Magistrate Judge thoroughly reviewed the procedural history and noted that the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed the case without opinion (Id.). The Magistrate Judge found dismissal was warranted despite the Ohio Supreme Court's silence, reasoning:

> Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. Harris v. Reed, 489 U.S. 255, 263 (1989). In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

The Magistrate Judge concluded that Petitioner had failed to demonstrate a showing of cause and prejudice, or that failure to consider his claims will result in a "fundamental miscarriage of justice" (Id.).

Petitioner objects to the Report and Recommendation, arguing both that there was cause for his delayed appeal and that a fundamental miscarriage of justice would result if his claims are not addressed (doc. 45). Specifically, Petitioner makes seven objections: (1) State officials repeatedly hindered Petitioner's

ability to timely file an appeal, (2) The mail system of the Ohio Department of Rehabilitation and Corrections hindered the timely filing, (3) There was no prejudice to the State by the delay because the State was placed on full notice of Petitioner's intentions to appeal, and because they were provided with the same claims by Petitioner's co-Defendant, (4) Petitioner's Fourth Amendment rights were violated repeatedly during his trial, (5) The State suffered no prejudice over the late filing, and the Petitioner will suffer great harm if his claims are not heard, (6) The Magistrate Judge failed to consider the actual claims of Petitioner, (7) The Report and Recommendation fails to address the meaningless review of all Ohio Courts (doc. 45).

Having reviewed this matter, the Court does not find Petitioner's objections well-taken. It is well-settled that, on federal habeas corpus review, a court is precluded from reviewing claims rejected on state procedural grounds where the state court relied on a "firmly established and regularly followed state practice". Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Richey v. Mitchell, 395 F.3d 660, 679 (6th Cir.). It is clear that Petitioner procedurally defaulted by failing to perfect a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision (doc. 44). Therefore, Petitioner's claims are waived absent a showing of cause and prejudice or that failure to consider his claims will result in a "fundamental miscarriage of justice."

The Court finds that Petitioner has not brought forth any argument showing cause or prejudice. As the Magistrate Judge found "Petitioner's inability to perfect a timely appeal is not attributable to the State's actions or omissions, but rather to petitioner's own failure to comply with the filing requirements explicitly set forth in the state supreme court's procedural rules" (doc. 44, citing Cf. Carter v. Sheets, No. 1:03cv901-SJD, 2006 WL 1645041, at *8 (S.D. Ohio June 7, 2006)).

Further, the Court does not find that Petitioner's briefing demonstrates that a "fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered, or in other words, that the alleged errors 'probably resulted in the conviction of one who is actually innocent'" (doc. 44, citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)). In sum, the Court finds the Magistrate Judge's Report and Recommendation thorough, reasonable, and correct.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Petitioner's objections and ADOPTS the Report and Recommendation in its entirety (doc. 44). Therefore, the Court DENIES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, DOES NOT ISSUE a certificate of appealability with respect to

Petitioner's claims for relief, CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.

        SO ORDERED.

Dated: September 11, 2007    /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge